FILED

2016 NOV 14  PM 12: 45

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY _____

Erwin Graham
Monica Graham
7895 Sorrel Lane
Corona, CA  92880
Tel. 951-316-3298
Fax 951-639-3793
Monica_graham@rocketmail.com

Plaintiffs in Pro per

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| ERWIN GRAHAM,<br>MONICA GRAHAM,<br><br>      Plaintiffs,<br>vs.<br><br>COX DENTAL CORPORATION<br>DBA GENTLE DENTAL<br>NORCO; QUICK COLLECT,<br>INC., and Does 1-10, inclusive,<br>      Defendants. | CASE NO. EDCV16- 02356 JFW (DTB)<br><br>) **VERIFIED COMPLAINT AND**<br>) **DEMAND FOR TRIAL BY JURY** |

Plaintiffs Erwin Graham and Monica Graham hereby complain

against the above named defendants as follows:

///

- 1 -

VERIFIED COMPLAINT AND DEMAND FOR TRIAL BY JURY

## PRELIMINARY STATEMENT

1.     This is an action for actual and statutory damages for violations of the Telephone Consumer Protection Act, 47 USC § 227(b)(1), 47 USC §227(a) (iii) (hereafter the "TCPA"), Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (hereafter the "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 et seq. ("Rosenthal Act").

## PARTIES

2.     Plaintiffs Erwin Graham and Monica Graham ("Plaintiffs") are natural persons and at all times residents of the State of California and the County of Riverside, and collectively, a "consumer" as that term is defined by TCPA and "debtor" as defined by FDCPA.

3.     Defendant COX DENTAL CORPORATION DBA GENTLE DENTAL NORCO ("Gentle Dental") is a Washington corporation doing business in Riverside County, California as a creditor as that term is defined by TCPA.

4.     Defendant QUICK COLLECT, INC. ("QCI") is an Oregon corporation doing business in Riverside County, California as a debt collector as that term is defined by FDCPA and the Rosenthal Act because the definition includes anyone "who, in the ordinary course of

VERIFIED COMPLAINT AND DEMAND FOR TRIAL BY JURY

business, regularly, on behalf of himself or herself or others, engages in debt collection" and sought to collect a consumer debt from Plaintiff Erwin Graham.

5.     The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiffs, and therefore sue such Defendants by fictitious names.

6.     Defendants Gentle Dental and QCI acted through their agents, employees, officers, members, directors, successors, assigns, principals, and representatives.

## JURISDICTION AND VENUE

7.     Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3), and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

8.     Venue is proper pursuant to 28 U.S.C. §1391b. Venue in this District is proper in that the plaintiffs reside here, defendants transact business here, and the conduct complained of occurred here.

## FACTUAL ALLEGATIONS

9.     At all pertinent times hereto, defendants Gentle Dental and QCI were attempting to collect a consumer debt from plaintiff Erwin Graham.

VERIFIED COMPLAINT AND DEMAND FOR TRIAL BY JURY

10.   On April 22, 2016 at approximately 1:15 p.m., Noe, who claims to be an office manager for Gentle Dental, telephoned plaintiff Monica Graham concerning the account.  Plaintiff Monica Graham revoked consent from all further telephone calls concerning the account and instructed Noe to send any and all correspondence concerning the account by mail.

11.   On 5/04/16 at approximately 4:17 p.m., Noe dialed plaintiff Monica Graham's cellular telephone ending in 3298 without consent and left a voice message concerning the account.

12.   On 6/20/16 at approximately 5:02 p.m., Rosa from Gentle Dental dialed plaintiff Monica Graham's cellular telephone ending in 3298 without consent and left a voice message concerning the account.

13.   On 6/20/16 at approximately 5:16 p.m., Rosa from Gentle Dental dialed plaintiff Monica Graham's cellular telephone ending in 3298 without consent and left a voice message concerning the account.

14.   On 10/26/16 Francis with QCI dialed plaintiff Monica Graham's cellular telephone ending in 3298 without consent.

15.   On 10/26/16 Francis with QCI dialed plaintiff Erwin Graham's cellular telephone ending in 8991 without consent.

VERIFIED COMPLAINT AND DEMAND FOR TRIAL BY JURY

16.     On 11/2/16 Francis with QCI dialed plaintiff Erwin Graham's cellular telephone ending in 8991 without consent.

17.     On 11/4/16 Plaintiffs received a dunning letter from QCI which fails to include the California Consumer Notice Requirement pursuant to Cal. Civ. Code §1812.700-1812.702 (hereafter "California Consumer Notice Requirement") which states: "The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov;" and the letter fails to disclose that "this communication is from a debt collector attempting to collect a debt and

VERIFIED COMPLAINT AND DEMAND FOR TRIAL BY JURY

any information obtained will be used for that purpose" (hereafter "Mini-Miranda warning").

18.   Within one year from filing the instant action, defendants Gentle Dental and QCI continuously placed collection calls to plaintiffs' cellular telephones seeking and demanding payment for an alleged debt owed, and notably, via automated telephone calls as defined by the TCPA.

### FIRST CAUSE OF ACTION
### VIOLATION OF FDCPA 15 U.S.C. §1692e(11)
### As Against Defendant Quick Collect, Inc. and Does 1-10

19.   Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.   Under 15 U.S.C. §1692e(11), a debt collector may not fail "to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector.

21.   QCI made its initial written communication with the consumer,

VERIFIED COMPLAINT AND DEMAND FOR TRIAL BY JURY

Erwin Graham, in its letter dated 10/26/16 (Exhibit 1). Plaintiffs assert that this is the initial written communication because Gentle Dental informed plaintiff Monica Graham that the account was referred for collection on 10/25/16.

22.   QCI violated FDCPA 15 U.S.C. §1692e(11) because its initial communication does not include the mandatory disclosure (Mini-Miranda warning) described above.

23.   As a direct result of QCI's violation of FDCPA herein, plaintiff Erwin Graham is entitled to statutory damages of $1,000.00.

## SECOND CAUSE OF ACTION
### VIOLATION OF ROSENTHAL ACT
**As Against Quick Collect, Inc. and Does 1-10**

24.   Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.   A failure by the debt collector or debt collection agency may result in a violation of the Fair Debt Collection Practices Act. In California there are some additional requirements to the above FDCPA regulations such as the California Consumer Notice Requirement.

26.   QCI's initial written communication did not include the mandatory California Consumer Notice Requirement.

27.   As a direct result of QCI's violation of Rosenthal Fair Debt

Collection Act, plaintiff Erwin Graham is entitled to statutory damages

of $1,000.00.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF THE TELEPHONE
### COMMUNICATIONS ACT 47 U.S.C. §227
### As Against Defendants Cox Dental Corporation dba Gentle
### Dental Norco, Quick Collect, Inc. and Does 1-10

28.   Plaintiffs incorporate by reference all of the above paragraphs of

this Complaint as though fully stated herein.

29.   Defendant Gentle Dental has demonstrated willful or knowing

non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic

telephone dialing system to call the plaintiffs' telephone numbers,

which are assigned to a cellular telephone service, after any prior

express consent was revoked on April 22, 2016.

30.   Defendant Gentle Dental has committed three (3) separate

violations of 47 U.S.C. §227(b)(1)(A) and plaintiffs are entitled to

damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

31.   Defendant Gentle Dental has demonstrated willful or knowing

non-compliance with 47 U.S.C. §227(b)(1)(A).  The three calls are

subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were

VERIFIED COMPLAINT AND DEMAND FOR TRIAL BY JURY

intentional.  Gentle Dental blatantly ignored federal and state laws by continuing the unauthorized calls to plaintiffs.

32. Defendant QCI has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by calling the plaintiffs' telephone numbers, which are assigned to a cellular telephone service. Plaintiffs have never given Defendant QCI permission to call plaintiffs' cellular telephones since express consent was revoked on 4/22/16 between plaintiffs and Gentle Dental, defendant QCI's principal. Under contract law, QCI stands in the shoes of Gentle Dental under a principal-agent relationship, and therefore, the revocation of consent was extended to QCI.

33.    QCI placed three telephone calls to plaintiffs' cellular telephones since October 26, 2016 in direct violation of 47 U.S.C. §227.

34.    Plaintiff Monica Graham is entitled to damages of $1,500 and plaintiff Erwin Graham is entitled to $3,000 pursuant to 47 U.S.C. §227(b)(3)(B) from QCI.

35.    Plaintiff Monica Graham is entitled to damages of $4,500 from Gentle Dental.

///

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment be entered against each defendant, and plaintiffs be awarded damages from defendants as follows:

a.  An award of statutory damages of $1,000.00 to plaintiff Erwin Graham for defendant QCI's violation of FDCPA;

b. An award of statutory damages of $1,000.00 to plaintiff Erwin Graham for defendant QCI's violation of the Rosenthal Act;

c. An award of statutory damages of $4,500 to plaintiff Monica Graham for defendant Gentle Dental's violations of TCPA;

d. An award of statutory damages of $1,500 to plaintiff Monica Graham for defendant QCI's violation of TCPA;

e. An award of statutory damages of $3,000 to plaintiff Erwin Graham for QCI's violation of TCPA;

e. Costs of suit;

f. Any other relief that this Honorable Court deems appropriate.

Dated:  November 14, 2016

_____

Erwin Graham, Plaintiff in Pro Per

_____

Monica Graham, Plaintiff in Pro Per

**VERIFIED COMPLAINT AND DEMAND FOR TRIAL BY JURY**

## DEMAND FOR TRIAL BY JURY

PLEASE TAKE NOTICE that Plaintiffs demand a trial by jury in this case.

Erwin Graham, Plaintiff in Pro Per

Monica Graham, Plaintiff in Pro Per

- 11 -

**VERIFIED COMPLAINT AND DEMAND FOR TRIAL BY JURY**

# VERIFICATIONS

I, Erwin Graham, am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 14th day of November, 2016, in Corona, California.

_____
Erwin Graham

I, Monica Graham, am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 14th day of November, 2016, in Corona, California.

_____
Monica Graham

**VERIFIED COMPLAINT AND DEMAND FOR TRIAL BY JURY**

PO BOX 55457
PORTLAND OR 97238
ADDRESS SERVICE REQUESTED

**QUICK COLLECT
INCORPORATED**
P.O. Box 55457
Portland, Oregon 97238
Phone 503-252-0083
www.QuickCollectInc.com
**ACCOUNT IDENTIFICATION**

October 26, 2016

RUWNLMBR
#0074 0000 0539 4649#

ERWIN GRAHAM            918666
7805 SORREO LN
CORONA CA 92880

Re: GENTLE DENTAL NORCO
Principal: $700.00
Assigned Interest: $0.00
Assigned Charges: $0.00
Post Assigned Interest: $34.17
Other Charges: $0.00
Total Owing: $734.17

## FORMAL VALIDATION STATEMENT

Your account has been assigned to us for collection. Payment should be made to Q.C.I. at the address below to ensure immediate credit. The amount of the debt as of the date of this letter is listed above. Because of interest or other charges allowed by law, the amount due may be greater on the day you pay, hence, an adjustment may be necessary after we receive your check. For more information, write or call us at the address or phone number listed above. If you wish to make payment please use the coupon below. QCI, 5500 NE 107TH Ave., Vancouver WA.

Federal law states:
Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or a copy of the judgment and mail a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. The law does not require us to wait until the end of the thirty-day period to collect the debt (by phone calls or notices) except to suspend our efforts until we mail to you, if you request in writing, proof of the debt or the name and address of the original creditor, if not on this notice.
Pay your bill with QUICK PAY online at: www.QuickCollectInc.com
ANY INFORMATION OBTAINED WILL BE USED FOR THE PURPOSE OF COLLECTING A DEBT.
- - - - - - -  Detach and Return With Payment - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Has Your Information Changed?**

Name: _____
Address: _____
City, State, Zip: _____
Telephone: _____
Employer: _____
Employer Telephone: _____

**Return with Payment**

Payment by personal check, money order, or cashiers check may be accepted. Bank and services charges may be assessed on any returned check. To ensure proper credit, please include the account number referenced below.

QUICK COLLECT INCORPORATED
PO BOX 55457
PORTLAND OR 97238-5457

Re: GENTLE DENTAL NORCO
Account #      : 916695
Interest       : $34.17
Balance Due    : $734.17

Enclosing this notice with your payment will expedite credit to your account.

VN:00007P 1 432 000004 005 007400 S-NCORE

# Exhibit 1

---

**VERIFIED COMPLAINT AND DEMAND FOR TRIAL BY JURY**